IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FARMERS COOPERATIVE COMPANY, a Nebraska Cooperative Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | 4:09CV3252 |
| v. | ) ) | |
| BARTLETT GRAIN COMPANY, L.P., a Missouri Limited Partnership, | ) ) ) | MEMORANDUM AND ORDER |
| Defendant. | ) | |

This matter is before the court on the Motion to Compel Defendant's Required Initial Disclosures and Discovery Responses, (filing no. 29) and Motion for Sanctions (filing no. 30) filed by Farmers Cooperative Co. ("Farmers Coop"). For the reasons set forth below, plaintiff's Motion to Compel is granted in part and denied in part and the Motion for Sanctions is denied.

## BACKGROUND

An employee of Farmers Coop, Francis Searcey ("Searcey"), was federally indicted in 2008 on 15 counts of unlawfully transporting stolen bushels of corn and soybeans across state lines. See United States v.Searcey, case no: 4:08cr3098. In June of 2009, Searcey pled guilty to one of the counts, was sentenced to a prison term and was ordered to pay restitution in the amount of $603,693.59 to Farmers Coop. Searcey allegedly delivered the stolen grain for sale to defendant Bartlett Grain Company, L.P. ("Bartlett").

Farmers Coop later filed this suit for conversion against Bartlett. Farmers Coop alleges numerous instances of conversion occurred between 2005 and 2007, mirroring the transactions identified in the 15-count indictment against Searcey and alleging Bartlett "has converted

thousands of bushels of grain" in addition to the specifically identified occurrences.  Filing No. 1, ¶ 19.  Farmers Coop argues that "upon accepting delivery of grain owned and titled to [Farmers Coop] without [Farmers Coop's] knowledge, permission or acquiescence, Bartlett wrongfully exercised dominion and control over the property for its own use and beneficial enjoyment." Filing No. 1, ¶ 7.

In the parties' Rule 26(f) Report, filed March 22, 2010, (filing no. 16), Bartlett expressed concerns over the potential "unreasonable scope of discovery implicated by Counts II and III of the Complaint" and its "vague nature."  Filing Nos. 16 and 35-1, ¶ 3.  The report also states that counsel will confer to determine whether they can agree on appropriate limits on the scope of discovery, and if they are unable to agree, the defendant will file any necessary motions to strike pleadings and/or limit the scope of discovery.   Filing No. 16.  No such motions have been filed.

Based on the Rule 26(f) Report, the court entered a final progression order that required the service of initial disclosures on April 12, 2010.  The Defendant did not serve its initial disclosures by that date.  Filing No. 32-1, ¶ 2.  The parties met telephonically on August 6, 2010 to discuss pre-trial progression matters, including Bartlett's failure to produce its initial disclosures.   During that call, Bartlett represented that its initial disclosures "would be forthcoming."  Filing No. 32-1, ¶ 3.

On October 11, 2010, Farmers Coop served Interrogatories and Requests for Production of Documents on Bartlett.  Filing No. 32-1, ¶ 4.  Under Fed. R. Civ. P. 33 & 34 the responses to those discovery requests were due November 10, 2010.  Farmers Coop also inquired as to why it had not received Bartlett's initial disclosures.   On October 27, 2010, counsel for Farmers Coop received a telephone call from an assistant in defense counsel's office who stated that the initial disclosures would be produced by the end of October.  Filing No. 32-1, ¶ 6.

2

On November 15, 2010, Farmers Coop filed a Motion to Compel Bartlett to produce its initial disclosures and to respond to Farmers Coop's discovery requests. Filing No. 21. Counsel again discussed the scope of the discovery requests. Filing No. 35-1, ¶ 5. Bartlett indicated the discovery would be "extraordinarily time consuming" and Bartlett also questioned the relevancy of certain document requests. Filing No. 35-1, ¶¶ 5-6. Counsel also determined that the deposition of Searcey would be necessary and enlisted the court's assistance in procuring Searcey's deposition. Filing No. 35-1, ¶ 7. That deposition has yet to occur.

A telephonic hearing was held on November 18, 2010. After conferring with counsel, the court set aside the discovery deadline and ordered the parties to diligently pursue the formal and informal discovery necessary to prepare this case for resolution by settlement or trial. Another telephonic hearing was scheduled for January 13, 2011 to discuss the parties' progress with discovery and the status of this case. Filing No. 25.

On December 3, 2010, Bartlett sent Farmers Coop an eight-page document containing information Bartlett previously provided the Nebraska State Patrol in connection to the criminal investigation of Searcey. Filing No. 32-1, ¶ 8. These documents contained information regarding grains sales between Bartlett and Route 136 Group, an entity used by Searcey. Filing No. 32-1 (Ex. D). The email does not specify whether the disclosure of these documents was intended to satisfy its Rule 26(a) requirements or was made in response to the Requests for Production of Documents. Id. No additional documents were produced.

On December 30, 2010, Farmers Coop's counsel contacted counsel for Bartlett regarding Bartlett's failure to provide the initial disclosures and discovery responses by the end of November. Filing No. 32-1, ¶ 9. Farmers Coop's counsel informed opposing counsel that the Motion to Compel would be renewed if Bartlett did not respond by January 10, 2011. Id.

3

No additional documents were produced until January 13, 2011, shortly before the parties participated in a conference call with the undersigned magistrate.  Filing No. 32-1, ¶ 11.

On January 13, 2011, Bartlett produced an additional 2-page document that provides information regarding grain deliveries made by Route 136 Group for the time period of 2000 - 2009.  Bartlett asserted that these documents represented its mandatory initial disclosures.  Filing No. 35-1, ¶ 9.   The parties subsequently participated in the scheduled conference call and the undersigned issued an order that the Defendant would serve its responses Farmers Coop's discovery requests by January 17, 2011.  The responses were emailed to the plaintiff on January 18, 2011.

Bartlett provided at least some answer to all of the interrogatories but one.  Bartlett objected to Interrogatory No. 12 for the following reasons:

> INTERROGATORY NO. 12:      To the extent you paid for grain purchased from Francis Searcey or from any other business in which you believe Francis Searcey was involved, operating or employed (other than from Plaintiff) from 2005 to present, including but not limited to 136 Group, please identify the following payment information:
>
> a.      Check number, date and amount of each check;
> b.      As to wire transfers, if any, name of receiving financial institution and any other information you may have which would assist in identifying the account holder; and
> c.      All documentation supporting each payment, including but not limited to, scale tickets, assembly sheets, correspondence and notes regarding the transaction.
>
> ANSWER:    Defendant objects to this Interrogatory on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence and on the grounds that it would be unduly burdensome for Defendant to comply with said Interrogatory.  Without waiving the foregoing objection, Defendant states that Defendant has no way of identifying grain shipment in which "Francis Searcey was involved." Defendant further states that it pays for

4

all grain that it purchases.  Defendant will, upon request, confirm receipt and payment amount for specific deliveries in summary form.

Bartlett also objected to a number of the Requests for Production and provided the following responses:

REQUEST NO.3:   Produce copies of all documents or correspondence (including electronic documents and emails) reflecting or relating to any grain purchased from Francis Searcey, 136 Group, Diller Grain Co., Searcey Grain Co., or any other entity that is or may have been affiliated with Francis Searcey.

RESPONSE:        Defendant objects to this Request on the grounds that the term "relating to" is vague and ambiguous, and on the grounds that this Request is overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and would be unduly burdensome for Defendant to comply. Without waiving the foregoing objection, Defendant states that it has produced summaries of transactions concerning Mr. Searcey, and will provide additional detail in summary form relating to specific transactions upon request.

REQUEST NO.5:   Produce copies of all documents (including electronic documents and emails), agreements, scale tickets, checks, and correspondence regarding grain purchased by the Defendant (or any entities affiliated with the Defendant) from the above named entities in Request No.3, from January 1, 2005 to present.

RESPONSE:        Defendant objects to this Request on the grounds that the term "relating to" is vague and ambiguous, and on the grounds that this Request is overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and would be unduly burdensome for Defendant to comply. Without waiving the foregoing objection, Defendant states that it has produced summaries of transactions concerning Mr. Searcey, and will provide additional detail in summary form relating to specific transactions upon request.

REQUEST NO.6:   For any grain purchases identified in Request No.3, produce copies of all documents (including electronic documents and emails) reflecting the quantity, grade, price, delivery date, and payment date for such purchases.

5

RESPONSE:        Defendant objects to this Request on the grounds that the term "reflecting" is vague and ambiguous, and on the grounds that this Request is overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and would be unduly burdensome for Defendant to comply. Without waiving the foregoing objection, Defendant states that it has produced summaries of transactions concerning Mr. Searcey, and will provide additional detail in summary form relating to specific transactions upon request.

REQUEST NO.7:        Produce copies of all checks payable to Francis Searcey or any entity in which he may have been affiliated.

RESPONSE:        Defendant objects to this Request on the grounds that this Request is overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and would be unduly burdensome for Defendant to comply. Without waiving the foregoing objection, Defendant states that it has produced summaries of transactions concerning Mr. Searcey, and will provide additional detail in summary form relating to specific transactions upon request.

REQUEST NO.8:        Produce copies of any and all documents (including electronic documents and emails) reflecting grain purchases on or about the dates alleged in the complaint and reflecting the bushels identified in the Complaint.

RESPONSE:        Defendant objects to this Request on the grounds that the term "reflecting" is vague and ambiguous, and on the grounds that this Request is overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and would be unduly burdensome for Defendant to comply. Without waiving the foregoing objection, Defendant states that it has produced summaries of transactions concerning Mr. Searcey, and will provide additional detail in summary form relating to specific transactions upon request.

REQUEST NO. 10:        Produce copies of all documents (including electronic documents and emails) relating to the allegations included in the Complaint.

RESPONSE:        Defendant objects to this Request on the grounds that the term "relating to" is vague and ambiguous, and on the grounds that this request is overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and would be unduly burdensome for Defendant to comply.

6

REQUEST NO. 11:        Produce   copies   of all documents (including electronic documents and emails) relating to any grain transactions you had with Francis Searcey or 136 Group.

RESPONSE:        Defendant objects to this Request on the grounds that the term "relating to" is vague and ambiguous, and on the grounds that this Request is overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and would be unduly burdensome for Defendant to comply. Without waiving the foregoing objection, Defendant states that it has produced summaries of transactions concerning Mr. Searcey, and will provide additional detail in summary form relating to specific transactions upon request.

REQUEST NO. 12:        Produce   copies   of all documents (including electronic documents and emails) which you believe relate to any grain transactions involving Francis Searcey and stolen grain.

RESPONSE:        Defendant objects to this Request on the grounds that the term "relating to" is vague and ambiguous, and on the grounds that this Request is overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and would be unduly burdensome for Defendant to comply. Without waiving the foregoing objection, Defendant states that it has produced summaries of transactions concerning Mr. Searcey, and will provide additional detail in summary form relating to specific transactions upon request.

REQUEST NO. 14:        Produce   copies   of all documents (including electronic documents and emails) reflecting communications between you and Francis Searcey, or between you and any entity through which Francis Searcey may have been selling you grain from January 1,2005 to present.

RESPONSE:        Defendant objects to this Request on the grounds that the term "may have been selling you grain" is vague and ambiguous, and on the grounds that this Request is overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and would be unduly burdensome for Defendant to comply. Without waiving the foregoing objection, Defendant states that it has produced summaries of transactions concerning Mr. Searcey, and will provide additional detail in summary form relating to specific transactions upon request.

REQUEST NO. 15:        Produce copies of all cancelled checks or receipts for electronic payments you made to Francis Searcey, 136 Group, Diller Grain

Co., Searcey Grain Co., or any other entity that is or may have been affiliated with Francis Searcey.

RESPONSE:        Defendant objects to this Request on the grounds that this Request is overbroad in scope, not reasonably calculated to lead to the discovery of admissible evidence, and would be unduly burdensome for Defendant to comply. Without waiving the foregoing objection. Defendant states that it has produced summaries of transactions concerning Mr. Searcey, and will provide additional detail in summary form relating to specific transactions upon request.

Bartlett produced no new documents with its responses to the Farmers Coop's Request for Production of documents.

## ANALYSIS

Farmers Coop has renewed its Motion to Compel and has also brought a Motion for Sanctions.  It seeks a court order mandating Bartlett to "produce its required initial disclosures . . . and adequate responses to discovery requests . . . served upon [Bartlett]."   For its part, Bartlett continues that it cannot provide additional information "[b]ecause of the way the Complaint was drafted, which fails to identify specific transactions, dates, quantities, parties or even facilities beyond the fifteen loads identified, hundreds, perhaps thousands of transactions are potentially relevant."  See Filing No. 34, p.8.

I.       **Rule 26(a) Mandatory Disclosures**:

Rule 26(a)(1)(A)(ii) provides that a party must produce:

a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

8

Fed. R. Civ. P. 26(a)(1)(A)(ii).

In its mandatory disclosures, Bartlett addresses its responsibility to disclose documents under Rule 26(a)(1)(A)(ii) as follows:

> [Bartlett] retains records relating to all grain received by each of its facilities it operates.  Based on the allegations of the Complaint, it would be impossible for [Bartlett] to identify and produce all documents which be used to support its claims or defenses.  Contemporaneously with these responses, [Bartlett] is producing copies of certain documents [Bartlett] has identified as relevant to this dispute. [Bartlett] reserves the right to supplement its responses as additional documents are identified.

In essence, Bartlett argues the Complaint is not specific enough to provide it with the information necessary to know what documents it may rely on it defending against the plaintiff's claims.

Farmers Coop's complaint alleges that Bartlett converted property, delivered to it in the name of Francis Searcey or in the name of one or more unknown third parties, from 2005 until at least 2007.  Specifically, Count II further states that "through its own inventory accounting and statements made to [Farmers Coop] by third parties, [Farmers Coop] has discovered that [Bartlett] has converted thousands of bushels of grain in addition to the grain specifically identified [in Count I of the Complaint]."

Plaintiff's arguments regarding Bartlett's mandatory disclosures are more well suited for its motion to compel responses to its request for production and interrogatories.  As Farmers Coop correctly notes, the purpose of the initial disclosures is to promote efficiency in the litigation process.  However, the initial disclosures require only that the disclosing party produce information that it "may use to support its claims or defenses."  Fed. R. Civ. P. 26(a)(1)(A)(ii).  The disclosing party is not required to produce every document that may be

9

relevant to the underlying case as part of the initial disclosures.  Farmers Coop has yet to identify specific transactions, in addition to those identified in Count I of the Complaint, which provide Bartlett with the information necessary to identify documents it might use in its defense.[1]   Moreover, the federal rules provide a mechanism whereby a party is required to supplement its disclosures as the case progresses.  See Fed. R. Civ. P. 26(e)(1).  Thus, if Farmers Coop is able to identify additional specific transactions, Bartlett has a duty to supplement its initial disclosures and disclose any documents it intends to use in its defense against those additional transactions.

If, as Farmers Coop asserts, the Initial Disclosures were not signed, it is troubling.  The signature represents the parties' certification that the disclosures were made after a good faith reasonable inquiry and were made based on the signer's knowledge, information and belief.  See Fed. R. Civ. P. 26(g)(1).  If counsel for Bartlett has not produced a signed copy of the Rule 26(a) disclosures certifying that the disclosures were complete and correct at the time they were made, he shall so do by February 14, 2011.  In all other respects, Farmers Coop's Motion to Compel is denied as it relates to Bartlett's mandatory disclosures.

## II.    Requests for Production and Interrogatories

Generally speaking, the scope of permissible discovery is extremely broad and parties may obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents . . ." Fed. R. Civ. P. 26(b)(1).  However, the scope of discovery is not unlimited.

---

[1] Presumably Bartlett has disclosed any documents it intends to use in its defense with respect to the specifically identified transactions in Count I of the Complaint.

> Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. Kramer v. Boeing Co., 126 F.R.D. 690, 692 (D.Minn.1989) (and cases cited therein). While the standard of relevance in the context of discovery is broader than in the context of admissibility (Rule 26(b) clearly states that inadmissibility is no grounds for objection to discovery), Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978), Culligan v. Yamaha Motor Corp., USA, 110 F.R.D. 122 (S.D.N.Y.1986), this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery.  Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992).

Once the requesting party meets the threshold relevance burden, "[a]ll discovery requests are a burden on the party who must respond thereto. Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing to bear that burden." Continental Ill. Nat'l Bank & Trust Co. Of Chicago v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991).   Further the party opposing the motion to compel must provide specific explanations or factual support as to how each request is improper.  St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000).

"The fact that production of documents would be burdensome and expensive and would hamper a party's business operation is not a reason for refusing to order production of relevant documents.  Wagner v. Dryvit Systems, Inc., 208 F.R.D. 606, 610 (D. Neb. 2001) (internal citations omitted).  The standard is whether the burden or expense is "undue" and whether the "hardship is unreasonable in the light of the benefits to be secured from the discovery." Id. (quoting Wright, Miller & Marcus, Federal Practice and Procedure § 2214, p. 435 (1994)).  A

party claiming requests are unduly burdensome cannot make conclusory allegations, but must provide some evidence regarding the time or expense required.  See Horizon Holdings, L.L.C. v. Genmar Holdings, Inc., 209 F.R.D. 208, 213 (D. Kan. 2002).

With these basic principles in mind, each of the arguments regarding the motion to compel are addressed below.

**a.      Timeliness of the Objections**.

As an initial matter, Farmers Coop argues that Bartlett has waived any objections to the Interrogatories and Requests for Production by not raising them in a timely manner.  If objections to Interrogatories and Requests for Production are not timely filed they are waived "unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  Typically a party has 30 days to respond to after being served with requests for discovery.  However, Fed. R. Civ. P. 33(b)(2) and 34(b)(2) provide that "a longer time may be stipulated under Rule 29 or be ordered by the court."

In this case, the Interrogatories and Requests for Production were answered well outside of the original 30-day time period.  However, the parties have been arguing over the scope of discovery since the Rule 26(f) planning conference.  Moreover, the parties apparently stipulated to several extensions, the last one memorialized by court order.  See Filing No. 28 (requiring defendant's supplemental responses to be filed by January 17, 2011).  January 17 fell on a federal holiday, thus pursuant to Fed. R. Civ. P. 6(a)(1)(C), the response was due by the end of the day on January 18.  Bartlett complied with its court ordered deadline, therefore the responses were not out of time.

b.      Unduly Burdensome.

Bartlett argues that answering each of the disputed discovery requests would be unduly burdensome requiring a "herculean effort" to sift through "thousands of transactions" for its numerous facilities.  Filing No. 34. pp. 6-7. Bartlett also asserts that Farmers Coop is in the best place to have information about any grain Searcey stole from it and Bartlett has offered to stipulate to specific transactions identified by Farmers Coop, but does not believe it is required to participate in a "fishing expedition."  For its part, Farmers Coop argues that all of the information requested is readily available to Bartlett and its production will not create an undue burden.

The parties disagree on the extent of the burden placed on Bartlett if it is required to answer the disputed discovery requests.  However, Bartlett has provided no evidence regarding the "time, money and procedure required to produce the requested documents."  Horizon Holdings, 209 F.R.D. at 213.  Where, as here, two parties disagree on the level of burden associated with a request, the court will not speculate as to which party is correct.  The party resisting the motion to compel has the burden to provide some evidence in support of its resistance and boiler plate objections and conclusory statements are never sufficient.  See St. Paul Reinsurance Co., 198 F.R.D. at 512.  Having no specific information regarding the actual burden being placed on Bartlett, its objection to the motion to compel on that basis is denied.

c.      Relevancy and Overly Broad.

Bartlett objects to all of the Requests for Production, asserting that Farmers Coop seeks information regarding every transaction in which Searcey was involved without identifying "transactions, dates, quantities, parties or even facilities beyond the fifteen loads [specifically] identified [in the Complaint].  Therefore, "hundreds, perhaps thousands of transactions" are potentially at issue rendering the requests irrelevant and overly broad.

13

As to relevance, Farmers Coop has met its threshold burden of showing how the requested information may be reasonably calculated to lead to the discovery of admissible information.  In addition to the fact that Searcey has been convicted in federal court for stealing grain from Farmers Coop and subsequently selling it to Bartlett,  Farmers Coop states in its Complaint that "through its own inventory and accounting and statements made to Plaintiff by third parties" it has information that Bartlett converted thousands more bushels of grain belonging to Farmers Coop.   Filing No. 1, ¶ 19.   If Searcey did indeed steal additional quantities of grain and sell it to Bartlett, as the Complaint alleges, the information sought is clearly relevant to help Farmers Coop identify specific transactions in which the stolen grain was allegedly converted by Bartlett.

As to the argument the requests are overly broad:

## 1.      Requests for Production Nos. 3, 5, 6, 7, 10, 11, 12, 14 and 15

Bartlett has objected to Request for Production nos. 3, 5, 6, 7, 10, 11, 12, 14 and 15 in their entirety or has offered to only "provide additional detail in summary form relating to specific transactions upon request."   In addition to the objections discussed above, Bartlett claims the requests are overbroad. All of the above requests seek some form of the same information.  Essentially, Farmers Coop is requesting all documentation and correspondence associated with the Bartlett's purchase of grain from Searcey and the entities with which he was affiliated including, but not limited to, 136 Group, Diller Grain Co., and Searcey Grain Co.[2]

---

[2]  For instance, no. 3 requests the production of "all documents or correspondence . . . relating to any grain purchased from Francis Searcey, 136 Group, Diller Grain Co., Searcey Grain Co. . . . Request no. 5 simply includes a subset of documents such as agreements, checks and scale tickets "regarding grain purchased by" Bartlett from 136 Group, Diller Grain Co. And Searcey Grain Co.

Having reviewed the requests, the court finds that the Requests for Production are overly broad to the extent they do not limit the time frame in which Farmers Coop seeks information and to the extent they do not limit the person or entities involved in the transaction. The Complaint alleges that Searcey stole grain "commencing in 2005 and continu[ing] at least until September 2007."   Filing No. 1, ¶ 8.   Further, Bartlett has identified Searcey Grain Company, Route 136 Group and Diller Grain Company as the only entities it knows of which had business conducted through Searcey.   To the extent Farmers Coop's Requests for Production Nos. 3, 5, 6, 7, 10, 11, 12, 14 and 15 are not limited to the time period of January 1, 2005 until September 30, 2007 and are not limited to sales of grain involving Francis Searcey, 136 Group, Diller Grain Co., and Searcey Grain Co., they will be so limited by this court's order.   In all other respects, the motion to compel is granted regarding those requests and Bartlett will be given until February 28, 2011 to provide the requested documents.[3]

## 2.      Interrogatory No. 12

Although Farmers Coop does not specifically identify which of Bartlett's answers to the interrogatories it finds inadequate, the dispute appears to focus on the information requested in Interrogatory No. 12.   It instructs Bartlett to identify payment information for grain purchased from Searcey or from any of the businesses in which it believes Searcey was involved.   Although, Bartlett is being ordered to produce such documents, it will not be

---

Likewise, request no. 6 requests production of all documents "relecting the quantity, grade price, delivery date, and payment date for such purposes."   Any reasonable interpretation of request no. 3 includes the information contemplated by request nos. 5, 6, and the majority of the remaining requests.

[3] In addition to the other limitations placed on the Requests for Production and other discovery requests, Bartlett is not required to produce any documents, or provide any other information, protected by the attorney-client privilege or work product doctrine.

15

ordered to review and itemize every transaction in which Searcey or the associated entities were involved.  Once the documents are produced, Farmers Coop can inspect the documents for evidence that Bartlett converted grain and determine if the complaint herein must be amended, or if additional discovery is required.

## III.    Motion for Sanctions.

Farmers Coop has also moved for sanctions under Fed. R. Civ. P. 37(a)(3)(A) and 37 (d)(1)(ii).  Filing No. 30.  While the court does not condone Bartlett's conduct in failing to timely provide mandatory disclosures and respond to Farmers Coop's discovery requests, a reasonable controversy existed as to the scope of the discovery requested.  Under the circumstances, an award of sanctions is not warranted at this time.

IT IS ORDERED:

1)    Farmers Coop's motion to compel (filing no. 29) is granted in part and denied in part as follows:

    a.    If it has not yet done so, Bartlett's counsel shall certify its Rule 26(a) mandatory disclosures by February 14, 2001.

    b.    On or before February 28, 2011, Bartlett shall respond to Requests for Production Nos. 3, 5, 6, 7, 10, 11, 12, 14 and 15, but only as to transactions involving Francis Searcey, 136 Group, Diller Grain Co., and Searcey Grain Co. for the time period between January 1, 2005 and September 30, 2007.

    c.    Farmers Coop's motion is denied in all other respects.

2)    Farmers Coop's motion for sanctions (filing no. 30) is denied.

DATED this 10th day of February, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.