IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FARMERS COOPERATIVE COMPANY, a Nebraska Cooperative Corporation, | ) ) ) ) | 4:09CV3252 |
| Plaintiff, | ) ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| BARTLETT GRAIN COMPANY, L.P., a Missouri Limited Partnership, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the court on its own motion to resolve disputes identified by the parties in the final pretrial conference order (filing 77) concerning the issues which remain to be tried.[1]  The parties disagree about the meaning of the court's memorandum and order entered on January 23, 2012 (filing 70).

First of all, Plaintiff is correct in stating that "[t]here is no genuine dispute that the Cooperative is entitled to recover damages from Bartlett for conversion of any corn or soybeans that Mr. Searcey stole from the Cooperative's Brownville facility and sold to Bartlett from and after August 1, 2005."  (Filing 77 at 4) Even though Defendant "does not agree that any grain Searcy [sic] stole was from the Cooperative itself" (filing 77 at 4), and it continues to claim "that the grain was stolen before plaintiff gained any possessory interest as bailee or owner" (filing 77 at 6), the court has ruled as a matter of law that "[f]or any corn and soybeans delivered to Bartlett which were taken from Farmers' elevators, Farmers has standing to maintain this action regardless of whether it had legal title to such grain." (Filing 70 at 20-21)  Defendant will not be allowed to argue that Plaintiff does not have the right to

---

[1] The case is set for trial before a jury commencing on May 1, 2012.

immediate possession of any grain that was delivered to the Brownville facility by producers. In other words, Defendant cannot claim that any grain Searcey removed from the Brownville facility was stolen before it was deposited in the facility. The only open issue is whether Searcey truthfully testified that all of the grain sold to Defendant actually came from the Brownville facility.[2]

Second, Plaintiff contends "[t]here is also no genuine dispute regarding the fair market value of each truck load of stolen grain at the time and place of its alleged conversion by Bartlett," while Defendant states it "needs to confirm the compilation entries (Exhibit A on the amended complaint)" and it "reserves the right to raise any claim that the amounts are incorrect." (Filing 77 at 4) As explained in the court's previous memorandum and order, Defendant has made a judicial admission that "it paid full and fair market value for each shipment of grain in the amounts listed on Exhibit 'A' [attached to the amended complaint] at the time of delivery." (Filing 70 at 30) This judicial admission is conclusive. Thus, Defendant will not be permitted to contest the information contained in Exhibit "A."

Third, Plaintiff contends numerous other facts were established by the court's ruling on the parties' cross-motions for summary judgment. Although findings were made regarding uncontroverted facts, the court did not order that such facts would be treated as established in the case. *See* Fed.R.Civ.P. 56(g). Apart from Exhibit "A," the only established facts are those which have been stipulated to by the parties in the final pretrial conference order. (Filing 70 at 1-3)

Fourth, there is disagreement "[w]hether Nebraska or Missouri law controls issues relating to Searcey's conversion of grain." (Filing 77 at 7) The pertinent issue in this case, however, is Defendant's alleged conversion of grain, not Searcey's. As

---

[2] As explained in the court's previous memorandum and order, this is an issue only because Plaintiff's inventory records indicated that fewer bushels of soybeans were missing than were sold to Defendant.

to this issue, the court made a determination, based on available evidence, that Missouri law controls the "tort" question of Defendant's liability for conversion, but that Nebraska law controls the "property" question of Plaintiff's interest in the grain (and standing to maintain the action). If it makes a difference to the outcome of the case, the parties should be prepared to present additional evidence.

Fifth, and finally, the parties also disagree whether the court determined that Nebraska law or Missouri law controls the issue of prejudgment interest. The court found Missouri law to be controlling, but, again, additional evidence may be presented at trial regarding this conflicts of law question.

IT IS ORDERED that the final pretrial order (filing 77) is modified to conform to the foregoing memorandum.

April 10, 2012.                BY THE COURT:

                               *Richard G. Kopf*
                               Senior United States District Judge